UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEX DAVID VALLE, | No. CV 12-03421-DMG (VBK) |
| Petitioner, | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| WILLIAM KNIPP, | |
| Respondent. | |

On April 20, 2012, Alex David Valle (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" ("Petition"). Petitioner was convicted in Los Angeles County Superior Court Case No. BA150276 on March 6, 1998 of assault on a transit passenger in violation of California Penal Code ("PC") § 245.2. The jury found true that Petitioner inflicted great bodily injury in the commission of the offense. Petitioner was sentenced pursuant to the Three Strikes Law (PC § 1170.12) to state prison for 30 years to life. (Petition at 1.)

It appears from the face of the Petition that it is directed to the same 1998 Los Angeles County Superior Court conviction as prior habeas petitions filed by Petitioner in this Court on April 23, 2001,

in <u>Alex David Valle v. M. Knowles</u>, Case No. CV 01-03747-AHM (VBK)[1] and on February 13, 2006, in <u>Alex David Valle v. Rosanne Campbell</u>, Case No. CV 06-00826-AHM (VBK). On April 1, 2002, Judgment was entered in Case No. CV 01-03747-AHM (VBK) denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation. On July 6, 2007, Judgment was entered in Case No. CV 06—00826-AHM (VBKx), denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24,

---

[1] The Court takes judicial notice of its own files and records. See <u>Mir v Little Co. of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988). On April 24, 2001, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," which was given Case No. CV 01-03747-AHM (VBK). In this Petition, Petitioner raised the following claims: (1) The prosecutor committed misconduct when he failed to guard against Trevino giving improper and prejudicial testimony that Petitioner had sexually assaulted her daughter, and trial counsel was ineffective in failing to seek a mistrial; (2) Petitioner was denied his constitutional right to a jury trial and due process right to a fair trial when the trial court submitted to the jury 18 written jury instructions, whose descriptive titles did not match the text; (3) There was insufficient evidence that Trevino suffered great bodily injury while she was a passenger on a bus; (4) The trial court gave inadequate jury instructions regarding the great bodily injury enhancement, and counsel's failure to request a proper instruction or modification of the standard jury instruction constituted ineffective assistance of counsel; and (5) The imposed three strikes punishment of 28 years to life is disproportionate to the offense of which Petitioner was convicted and thus violates the constitutional proscription of grossly disproportionate punishments.
On February 13, 2006, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," which was given Case No. CV 06-00826-AHM (VBK). In this Petition, Petitioner raised the following claim: Petitioner's sentence violates the Eighth Amendment prohibition against cruel and unusual punishment.

2

1996.  Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed unless--
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>."

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petitions, within the meaning of 28 U.S.C. § 2244(b).  Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the

Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 27, 2012

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE